An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

# IN THE SUPREME COURT OF THE STATE OF NEVADA

IN THE MATTER OF THE
REINSTATEMENT OF RICHARD J.
SALAS, BAR NUMBER 6480.

No. 64724

**FILED**

SEP 24 2014

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY_____
CHIEF DEPUTY CLERK

## ORDER DENYING PETITION FOR REINSTATEMENT TO THE PRACTICE OF LAW

This is a petition for reinstatement to the practice of law by suspended attorney Richard J. Salas. In October 2012, this court suspended Salas from the practice of law for three years, retroactive to July 26, 2010, and imposed various conditions. *In re Discipline of Salas*, Docket No. 58280 (Order of Suspension, October 23, 2012). Salas filed the instant petition for reinstatement under SCR 116. A hearing was held before a Southern Nevada Disciplinary Board hearing panel, which issued its findings of fact, conclusions of law, and recommendation. The panel found that Salas did not meet the burden of demonstrating by clear and convincing evidence that he had the requisite qualifications to return to the practice of law.

SCR 116(2) requires that an attorney seeking reinstatement must:

> demonstrat[e] by clear and convincing evidence that he or she has the moral qualifications, competency, and learning in law required for admission to practice law in this state, and that his or her resumption of the practice of law will not be detrimental to the integrity and standing of the bar,

14-31670

to the administration of justice, or to the public interest.

Clear and convincing evidence is evidence that "must be so clear as to leave no substantial doubt." *In re Discipline of Drakulich*, 111 Nev. 1556, 1567, 908 P.2d 709, 715 (1995) (internal quotations omitted).

Having reviewed the record, we conclude that Salas failed to set forth clear and convincing evidence that he is competent to resume the practice of law. Specifically, Salas was diagnosed by a doctor with severe depression and received a disability rating for the purpose of obtaining workers' compensation benefits. Salas indicated that the depression was brought on by the stress from his job as a public defender in Los Angeles County. While subject to periodic reevaluation over the course of at least 10 years, Salas' diagnosis of depression remained, and he continued to collect workers' compensation benefits. However, aside from his testimony at the reinstatement hearing, Salas did not produce any documentation or medical opinion that he no longer suffers from depression, is no longer disabled by depression, and that he is able to handle the stressors associated with the practice of law again. Accordingly, we approve the recommendation of the hearing panel and deny Salas' petition for reinstatement.[1] Any petition for reinstatement filed by Salas within one

---

[1]In our October 23, 2012, Order of Suspension in Docket No. 58280, we imposed a condition that prior to petitioning for reinstatement, Salas shall provide the State Bar with proof that he has fulfilled all of the requirements of his five-year California probation. The main requirement of the probation was that Salas pay restitution in the amount of $100,000. Our intent behind the imposition of this petition was that Salas could petition for reinstatement after the expiration of his three-year suspension, but before the expiration of his five-year probationary period, as long as he could demonstrate either that he has paid the ordered

*continued on next page . . .*

year of the date of this order will not be deemed successive by this court. *See* SCR 116(6).

It is so ORDERED.[2]

_____, C.J.
Gibbons

_____, J.           _____, J.
Pickering                                               Hardesty

_____, J.           _____, J.
Parraguirre                                            Douglas

_____, J.           _____, J.
Cherry                                                    Saitta

---

*. . . continued*

restitution in full, or that he is current with his court-mandated payments. Thus any future petition for reinstatement filed by Salas should include documentation regarding the current state of his restitution payments and his payment history.

[2]Based on our conclusion, we did not consider the remaining arguments in Salas' opening brief.

This is our final disposition of this matter. Any new proceedings concerning Salas shall be docketed under a new docket number.

cc: Jeffrey R. Albregts, Chair, Southern Nevada Disciplinary Board
Kimberly K. Farmer, Executive Director, State Bar of Nevada
David Clark, Bar Counsel
Richard J. Salas
Perry Thompson, Admissions Office, United States Supreme Court

SUPREME COURT
OF
NEVADA

(O) 1947A